http://www.va.gov/vetapp16/Files3/1626432.txt

Citation Nr: 1626432 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 12-16 148 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Entitlement to service connection for bilateral degenerative arthritis of the hips.

2. Entitlement to a total rating based on individual unemployability (TDIU).

REPRESENTATION

Appellant represented by: Carol Avard, Attorney at Law

ATTORNEY FOR THE BOARD

Chris Miller, Associate Counsel

INTRODUCTION

The Veteran served on active duty from June 1972 to April 1974.

This matter initially came before the Board of Veterans' Appeals (Board) from a December 2009 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO) in Houston, Texas. Since that time, jurisdiction over the appeal was transferred to the RO in St. Petersburg, Florida.

In July 2014, the Board remanded the claim to the agency of original jurisdiction (AOJ) for additional development. As the Board is granting the benefit sought in full, discussion of compliance with the remand instructions is unnecessary.

The issue of entitlement to a TDIU is addressed in the REMAND portion of the decision below and is REMANDED to the AOJ.

FINDING OF FACT

The evidence is at least evenly balanced as to whether the Veteran's bilateral degenerative arthritis of the hips is related to his military service.

CONCLUSION OF LAW

With reasonable doubt resolved in favor of the Veteran, the criteria for service connection for bilateral degenerative arthritis of the hips have been met. 38 U.S.C.A. §§ 1101, 1110, 1112, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran is seeking service connection for a bilateral hip disability. He alleges that this was caused when he fell off a roof during service, an event documented in the service treatment records, which was the basis for him receiving service connection for low back and heel disabilities.

The law provides that service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Generally, establishing service connection requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999). In addition, certain chronic diseases, such as arthritis, may be presumed to have been incurred during service if the disorder becomes manifest to a compensable degree within one year of separation from qualifying military service. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309.
 
If chronicity (i.e., permanency) of disease or injury in service is not shown, or is legitimately questionable, then a showing of continuity of symptomatology following service is required to support the claim. 38 C.F.R. § 3.303(b). The Federal Circuit recently held that the theory of continuity of symptomatology under 38 C.F.R. § 3.303(b) does not apply to any disease that has not been recognized as chronic under 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). However, arthritis is such a chronic disease under 38 C.F.R. § 3.309(a). 

The Veteran has a current disability, inasmuch as he was diagnosed with bilateral degenerative arthritis of the hips at his December 2015 examination. In addition, the evidence reflects that the Veteran has had continuous hip symptoms since service.
 
The Veteran separated from service on April 26, 1974. On May 6, 1974, he filed a claim seeking service connection for recurrent pain in his heels, hips, and low back. While no hip diagnosis was made at his November 1974 examination, the Veteran asserted in a September 1975 notice of disagreement that he believed that the examination did not show the true condition of his body. In April 1990, he filed a claim to reopen, inter alia, his previously denied claim of service connection for a bilateral hip disability. In his April 1991 VA Form 9, he discussed problems with his hips that have persisted since service. The Veteran testified before a Decision Review Officer (DRO) in August 1991. He stated that immediately following his fall off of the roof during service, he had extreme pain from his heels to his hips, and that this pain and discomfort has continued since that time. In October 1991, the Veteran submitted a lay statement from his father, who recalls that the Veteran complained with difficulties walking and standing after his injury. The Veteran also informed a VA examiner in March 1993 that his hips have bothered him since his accident in service. In a December 1994 VA Form 9, the Veteran stated that his hips give him extreme pain. He reported pain down his lower extremities, and pain that radiates to his hips, at June 1998 VA examinations. He filed another claim to reopen in March 2007, and in June 2007 he was diagnosed with osteoarthritic changes in both hips. The Veteran filed the instant claim in July 2009, stating that VA physicians told him that his hip problems are the result of his service connected low back disability. At his September 2009 VA examination, the Veteran stated that he has had his hip problems since service. 

The Veteran is competent to report continuous symptoms service, see Washington v. Nicholson, 21 Vet. App. 191, 195 (2007), and the Board has no reason to question his credibility. He has consistently testified about his pain in his hips ever since separation. Moreover, the medical evidence of record does not weigh against his claim. At the September 2009 examination, the examiner stated that the Veteran's hip problems were not caused by his service connected low back disability, but rather was related to an accident; the Veteran noted in his March 2010 notice of disagreement that his fall in service is the only such accident he has incurred. The Board notes that an examination conducted in February 2012 provided a negative opinion as to service connection on a direct basis, and that a December 2015 examination provided negative opinion on a secondary basis. However, both of these examinations are inadequate, in that they did not consider, or even acknowledge, the aforementioned documented complaints of hip pain that date back to days within the Veteran's separation from service. In particular, the December 2015 examiner stated that the Veteran only complained about hip pain for the first time in June 2007. As such, the evidence is at least evenly balanced as to whether the Veteran's bilateral hip disability is related to service. As the reasonable doubt created by this relative equipoise in the evidence must be resolved in favor of the Veteran, entitlement to service connection for a bilateral degenerative arthritis of the hips is warranted. 

ORDER

Service connection for bilateral degenerative arthritis of the hips is granted.

REMAND

Finally, the Board has considered the Veteran's claim for a TDIU. This was raised by the record previously when the Board noted in its July 2014 decision that the Veteran asserts that he is unable to work because of his service-connected low back disability. Since the Board's prior decision, the Veteran submitted VA Form 21-8940 in March 2016. See Rice v. Shinseki, 22 Vet. App. 447 (2009). 

The Veteran was already eligible for a schedular TDIU prior to the Board allowing service connection for his bilateral hip disability, inasmuch as he was service connected at a combined disability rating of 60 percent for spondylolisthesis and degenerative disc disease, lumbar spine, L4-L5 and L5-S1, and adjustment disorder with depressed mood associated with spondylolisthesis and degenerative disc disease, lumbar spine, L4-L5 and L5-S1. See 38 C.F.R. § 4.16(a) (stating that disabilities resulting from common etiology are considered as one disability). 

However, the Veteran's TDIU claim cannot be adjudicated on the current record. Inasmuch as the Veteran receives disability benefits from the Social Security Administration for a primary diagnosis of aneurysm of the aorta or major branches (and secondary diagnosis of osteoarthritis), it is unclear whether his service connected disabilities alone solely prevent him from maintaining gainful employment. The Board also notes that recent VA examinations did not suggest that the Veteran was unemployable. The September 2009 examiner stated that the effect of the Veteran's condition on his usual occupation was moderate pain related to standing and walking. The February 2012 examination stated that his spine and hip disabilities, separately, did not impact his ability to work. Finally, the December 2015 examination stated that the Veteran's bilateral hip diagnosis did not impact his ability to perform any type of occupational task. The Board finds that a new examination as to the Veteran's ability to work is necessary, inasmuch as none of the above examinations appeared to consider the cumulative impact of the Veteran's service connected disabilities, and such an opinion would be helpful to the Board.

Accordingly, the issue of entitlement to a TDIU is REMANDED to the AOJ for the following action:

1. Obtain all outstanding VA treatment records.

2. After the above has been completed, schedule a VA examination to determine the occupational impairment caused by the Veteran's service connected disabilities. The claims file must be made available to the examiner for review prior to examination. All indicated tests and studies should be performed and all findings reported in detail. 

The examiner should describe the degree of occupational impairment attributable to the Veteran's spine, adjustment disorder with depressed mood, and bilateral hip disabilities, emphasizing what types of employment activities would be limited because of these service-connected disabilities, what types of employment would not be limited (if any), and whether any limitation on employment is likely to be permanent. In making these determinations, the examiner should take into account the Veteran's own assertions regarding the impact of his service-connected disabilities on his ability to work and perform daily living activities.

3. After any other necessary development has been completed, the Veteran's TDIU claim should be re-adjudicated; such adjudication must consider the combined effects of the Veteran's service connected spine, adjustment disorder with depressed mood, and bilateral hip disabilities. The Veteran and his representative should then be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the case is returned to the Board for further review. 

No action is required of the Veteran until he is notified by the AOJ; however, the Veteran is advised that failure to report for any scheduled examination may result in the denial of his claim. 38 C.F.R. § 3.655. The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112.

______________________________________________
Jonathan Hager
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).

Department of Veterans Affairs